FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

*Southern Division*

2016 SEP 22 A 10: 27

CLERK'S OFFICE
AT GREENBELT

BY_____

| | | |
|---|---|---|
| **CHOICE HOTELS** | * | |
| **INTERNATIONAL, INC.,** | | |
| | * | |
| **Plaintiff,** | | |
| | * | **Case No.: GJH-15-02385** |
| v. | * | |
| | | |
| **SNV HOSPITALITY, LLC, ET AL.,** | * | |
| | | |
| **Defendants.** | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM OPINION**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Choice Hotels International, Inc. ("Plaintiff"

or "Choice") has filed a Request for Default by Judgment, with a supporting affidavit, against

Defendants SNV Hospitality, LLC and Muklesh Patel (collectively, "Defendants"). ECF No. 6;

ECF No. 6-2. Presently pending before the Court is Plaintiff's Amended Motion for Judgment by

Default. ECF No. 10. A hearing is not necessary in this case. *See* Loc. R. 105.6 (D. Md.). For the

reasons that follow, Plaintiff's Amended Motion for Judgment by Default will be granted.

**I.      BACKGROUND**

Choice is a "publicly-traded company incorporated under the laws of the State of

Delaware, with principal headquarters in Rockville, Maryland." ECF No. 10 ¶ 1.[1] Choice is

"primarily in the business of franchising hotels domestically and internationally . . . including but

not limited to the trade and brand marks, names and systems associated with Comfort Inn®." *Id.*

Defendant SNV Hospitality, LLC is "based upon information, knowledge and belief, a limited

---

[1] All facts herein are taken from Plaintiff's Application to Confirm Arbitration Award, ECF No. 1, and Plaintiff's Amended Motion for Judgment by Default, ECF No. 10.

liability company organized under the laws of the State of Ohio, with principal place of business located in Ohio." *Id.* ¶ 2. Defendant Muklesh Patel is "based upon information, knowledge and belief, a resident and citizen of the State of Ohio." *Id.* ¶ 3. On or about December 29, 2005, Choice entered into a Franchise Agreement with Defendants, individually, jointly and severally, under which Choice granted Defendants a limited and revocable license to operate a Comfort Inn hotel in Wapakoneta, Ohio. *Id.* ¶ 4. The parties' Franchise Agreement contained an arbitration clause, stating in relevant part that "any controversy or claim arising out of or relating to this Agreement . . . will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum . . ." *See* ECF No. 1-2 at 1.[2] In Plaintiff's Amended Motion for Judgment by Default, Plaintiff states:

> During the term of the Franchise Agreement, Defendants defaulted on their material obligations to make timely payment to Choice of franchise-related fees. Choice issued Defendants a written Notice of Default, and Defendants failed to cure said Default. Accordingly and as a result of Defendants' material breach, Choice terminated the Franchise Agreement.

*Id.* ¶ 5.

On or about August 21, 2014, Choice initiated arbitration proceedings against Defendant with the American Arbitration Association, Case No.: 01-14-0001-2633, "seeking resolution of its dispute with Defendants." *Id.* ¶ 7. "Specifically, Choice claimed that Defendant materially breached the parties' Franchise Agreement and owed Choice fees, damages, interest, and costs incurred as a result of Defendant's breach." *Id.*

Arbitration proceedings were scheduled for March 17, 2015. *See* ECF No. 1 at 1; ECF No. 1-1. Plaintiff sent notice of the proceedings to Defendants at their last known address "by

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

regular mail, certified mail and/or overnight FedEx delivery." ECF No. 10 ¶ 9. "Defendants failed to appear or participate during any proceeding." *Id.* The Arbitrator determined that "Defendant had received due and proper notice of all proceedings in accordance with AAA's Commercial Rules, the Franchise Agreement, and Maryland law" and entered an award in Choice's favor against Defendants in the amount of $80,961.94. ECF No. 10 ¶ 11; ECF No. 1-1. The Arbitrator also ordered Defendants to reimburse Choice in the sum total of $2,850.00 for "administrative filing fees of the AAA" and "fees and expenses of the arbitrator." ECF No. 1-1.

Choice filed an "Application to Confirm Arbitration Award" in this Court on August 12, 2015. ECF No. 1. The "Ex Parte Award of Arbitrator," signed by Kathryn P. Broderick of the American Arbitration Association on March 17, 2015, is attached to the Application. ECF No. 1-1. Choice named SNV Hospitality, Inc. and Muklesh Patel as defendants. ECF No. 1. The court issued summons to Defendants on August 14, 2015, and the summons were returned as executed on October 8, 2015. ECF No. 3; ECF No. 4. The Clerk made an entry of default for want of answer against Defendants on December 3, 2015. ECF No. 8. This Court issued a Letter Order directing Plaintiff to supplement its Motion for Default Judgment, and Plaintiff filed its currently pending Amended Motion for Judgment by Default on August 2, 2016. ECF No. 10.

## II.    DISCUSSION

### A.  Motion for Default

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Corp.*, DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F.Supp. 2d 491, 494 (D. Md. 2002)). When a motion for default judgment is based on an arbitration award, the plaintiff "must show that it is entitled to confirmation of the

award as a matter of law." *Id.* (citations and internal quotation marks omitted).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.,* quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D. Md. 1992) (citations omitted). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well,

correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand*, 671

F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted).

Here, Choice's claims were properly before the American Arbitration Association under

the arbitration clause of the parties' Franchise Agreement. *See* ECF No. 1-2. "Despite duly and

properly notifying Defendant of all proceedings relating to the arbitration proceedings . . .

Defendants failed to appear or participate during any proceeding." ECF No. 10 ¶ 9. Choice notes

in its Amended Motion for Judgment by Default:

> [I]n accordance with the parties' Arbitration Agreement, AAA
> Commercial Rule 31, which states in relevant part that "the
> arbitration may proceed in the absence of any party or
> representative who, after due notice, fails to be present . . .", and
> AAA Commercial Rule 33, which states in relevant part that "the
> arbitrator may also allow for the presentation of evidence by
> alternative means including . . . means other than an in-person
> presentation," the arbitrator determined the most efficient and
> inclusive means for proceeding with evidentiary consideration was
> to allow the parties to submit evidence, documentation, and
> argument by written submission.

*Id.* ¶ 10. "After considering the evidence presented and AAA's record, the arbitrator determined

and ruled that Defendant had received due and proper notice of all proceedings in accordance

with AAA's Commercial Rules, the Franchise Agreement, and Maryland law . . ." ECF No.

10 ¶ 11. The Arbitrator determined that Defendant had breached the parties' Franchise

Agreement and rendered her award in Plaintiff's favor. ECF No. 10 ¶ 11.

The Court finds no reason in the record to question the validity of the Franchise

Agreement or the conduct of the Arbitrator. *See Choice Hotels Int'l, Inc. v. Bhupinder Mander*,

No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015). Further, the parties agreed

that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may

be entered against the party, notwithstanding its failure to appear." *See* ECF No. 1-2 at 1. The

parties also agreed that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *See id.*

## III.   CONCLUSION

For the reasons explained above, Plaintiff's Amended Motion for Judgment by Default, ECF No. 10, will be granted. Judgment by default is entered in favor of Plaintiff Choice Hotels and against Defendants SNV Hospitality, LLC and Muklesh Patel, in the amount of $84,211.94, representing the Arbitrator's award of $80,961.94, administrative filing fees totaling $1,850.00, fees and expenses of the Arbitrator totaling $1,000.00, and costs of the action totaling $400.00. ECF No. 1-1; ECF No. 1.[3] A separate Order shall issue.

Dated: September 22, 2016

George J. Hazel
United States District Judge

---

[3] In contrast to this Court's decision in *Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015), Choice Hotels requested "costs of the action" in their original Application to Confirm Arbitration Award, ECF No. 1 at 2. Therefore, the default judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).